ALTENBERND, Judge,
Concurring.
I concur in this opinion. It is the law, but I am not entirely convinced it is good policy. The State wants Mr. Campbell to serve 28.05 months in prison for these drug offenses. The trial court sentenced him to eighteen months in prison, followed by eighteen months’ community control, followed by twelve months’ probation. The State correctly argues that this forty-eight month sanction is a downward departure sentence that is unsupported by evidence establishing a valid legal ground for such a departure and that the State is entitled to have Mr. Campbell serve the 28.05 month term in prison as the “longer” sentence. All in all, I suspect that the *203 trial court’s “shorter” forty-eight month sentence would be a far more effective sanction than twenty-eight months in prison. Because Mr. Campbell has fully served his current term of imprisonment, he will presumably be removed from his community control and returned to prison.
Although Mr. Campbell’s attorney made little attempt to present evidence to permit a downward departure sentence in this case, it appears that Mr. Campbell’s actions a number of years earlier strongly affected his scoresheet. He has approximately sixty felony convictions that apparently arise from a credit card scheme he committed for a short period of time as an employee at some type of business. While the facts are not well developed, it appears likely that he was convicted of forgery, uttering a forged instrument, and some form of theft each time he misused a credit card. If each credit card transaction had been treated as one felony rather than two or three, the sentence he received in this case would not be a downward departure and his scoresheet may have permitted a non-state prison sanction.
Under current law, I express no opinion about whether Mr. Campbell’s attorney could have proven a legal basis for a downward departure, but none was proven at the sentencing hearing. It seems unusual to me that the credit card scheme he committed as a young man creates as many points on his scoresheet as if he had committed a lewd and lascivious battery on one occasion and a home-invasion robbery on another. See § 921.0022, Fla. Stat. (2008).